UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA

In re:  RALPH LEON HAYES                                                   Case Number 23-61366
                     Debtor.                                                              Chapter 13

---

ANGELA M. SCOLFORO,
CHAPTER 13 TRUSTEE,
         Movant

v.

RALPH LEON HAYES,
         Respondent.

**NOTICE OF HEARING ON TRUSTEE'S
MOTION TO DISMISS CASE WITH PREJUDICE**

Please take notice that Angela M. Scolforo, the chapter 13 trustee appointed in the above-captioned case, has filed the enclosed Motion to Dismiss your case with Prejudice, **seeking a bar to your filing another case for 365 days.**

**Your rights may be affected.** You should read these papers carefully and you may wish to consult an attorney. If you do not want the Court to grant relief sought in the Motion, or if you want the Court to consider your views on the Motion, then you must:

1. File with the Court a written response pursuant to Local Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the Western District of Virginia. **UNDER LOCAL BANKRUPTCY RULE 9013-1, UNLESS A WRITTEN RESPONSE IN OPPOSITION TO THIS MOTION IS FILED WITH THE CLERK OF COURT AND SERVED ON THE MOVING PARTY NO LATER THAN 7 DAYS PRIOR TO THE SCHEDULED HEARING DATE, THE COURT MAY DEEM ANY OPPOSITION WAIVED AND TREAT THE MOTION AS UNOPPOSED.**

2. If you timely file a response to the Motion, you must also attend the hearing, to be held on

**January 25, 2024, at 9:30 a.m.**

The parties shall not appear in person but may attend the hearing using Zoom. The Meeting ID for the hearing is **160 369 2643**, and may be accessed by using the following link: https://vawb-uscourtsgov.zoomgov.com/j/1603692643.

For more information on how to access the hearing, please see the Court's website at www.vawb.uscourts.gov.

Shannon T. Morgan, Staff Attorney for
Angela M. Scolforo, Chapter 13 Trustee
P.O. Box 2103
Charlottesville VA 22902
Tel: (434) 817-9913 ext. 121
SMorgan@CvilleCh13.net

If you do not take the above steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the relief.

                                      OFFICE OF THE CHAPTER 13 TRUSTEE
                                      ANGELA M. SCOLFORO, TRUSTEE

Dated:  December 27, 2023

/s/ Shannon T. Morgan
Shannon T. Morgan, Staff Attorney for
Angela M. Scolforo, Chapter 13 Trustee
P.O. Box 2103
Charlottesville VA 22902
Tel: (434) 817-9913 ext. 121
SMorgan@CvilleCh13.net

Certificate of Service

     I, Shannon T. Morgan, certify that on this 27th day of December, 2023, I provided electronic service of this Motion and the Notice of Hearing upon all parties who have elected to receive service through CM//ECF and by US Mail, first class, upon the Debtor.

                                                 /s/ Shannon T. Morgan

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA

In re:  RALPH LEON HAYES                                   Case Number 23-61366
                        Debtor.                                        Chapter 13

ANGELA M. SCOLFORO,
CHAPTER 13 TRUSTEE,

        Movant

v.

RALPH LEON HAYES,

        Respondent.

## MOTION TO DISMISS CASE WITH PREJUDICE

COMES NOW the Chapter 13 Trustee, Angela M. Scolforo ("Trustee"), by counsel, and moves this Court to dismiss the pending case of Ralph Leon Hayes ("Debtor") and impose a 365-day bar to refiling by this Debtor and in support thereof offers the following:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This case was commenced by the filing of a voluntary petition pursuant to Chapter 13 of Title 11 on or about December 14, 2023, by Debtor.

   a. Upon information and belief, the present case was filed by Debtor pro se as a bare bones emergency petition on the date of a scheduled foreclosure sale.

   b. On December 15, 2023, U.S. Bank Trust National Association filed an *in rem* motion seeking relief from the automatic stay in order to foreclose on the

    Debtor's home (Docket Entry No. 8), which is set for hearing on January 11, 2024, at 9:30 am.

  c. On December 18, 2023, the Court issued a deficiency order requiring the Debtor to file the balance of schedules, statements, summaries, and plan by December 28, 2023 (Docket Entry No. 12). If the Debtor fails to comply with this Order and file his plan and schedules, his case may be dismissed.

  d. On December 18, 2023, the Court issued Order authorizing the Debtor to pay the filing fee in installments, with a payment due December 28, 2023 (Docket Entry No. 13). If the Debtor fails to timely pay the filing fee, his case shall be dismissed.

4. Prior to filing his current bankruptcy case, Debtor filed the following prior cases:

  a. First, the Debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 on August 30, 2023, case number 23-60941, in order to stop a foreclosure scheduled for the same day. Schedules were not filed and the filing fee was not paid. On October 6, 2023, this case was dismissed as a result of the debtor's failure to comply with court order to file the required statement and schedules.[1] The Debtor appealed various orders of this Court to the United States District Court for the Western District of Virginia and that appeal was dismissed on December 13, 2023 (Docket Entry No. 38). Debtor did not pay the required appeal costs.

  b. Second, the Debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 on April 24, 2023, case number 23-60473, in order to stop a foreclosure

---

[1] On September 22, 2023, counsel for the mortgage company filed an *in rem* motion seeking relief from the automatic stay (Docket Entry No. 9). That motion was mooted by the dismissal of the case.

scheduled for the following day. On September 21, 2023, this case was dismissed pursuant to "Debtor's Motion to Cancel" filed on August 30, 2023, after he filed another petition.[2] The Debtor appealed various orders of this Court to the United States District Court for the Western District of Virginia and those appeals were all dismissed on December 13, 2023 (Docket Entry Nos. 156, 157, and 158). The Debtor did not pay the required costs of the appeals.

c. Third, the Debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 on July 13, 2022, case number 22-60684, to stop a foreclosure scheduled for the same day. On September 19, 2022, this case was dismissed as a result of Debtor's ineligibility due to his failure to comply with the requirement of pre-petition credit counseling. The Debtor appealed the dismissal order of this Court to the United States District Court for the Western District of Virginia and the appellate court affirmed this Court's dismissal order (Docket Entry No. 81).

d. Fourth, the Debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 on April 21, 2015, case number 15-60738, to stop a foreclosure scheduled for the next day. On June 26, 2015, this case was dismissed on the Chapter 13 Trustee's motion to dismiss.

e. Fifth, the Debtor and his Co-Debtor spouse, Catherine Bryant Hayes, filed a voluntary petition pursuant to Chapter 13 of Title 11 on January 22, 2008,

---

[2] The mortgage company filed for and received relief from the automatic stay and the co-debtor stay by order entered June 27, 2023 (Docket Entry No. 68).

        case number 08-60109. On October 3, 2008, this case was dismissed prior to confirmation on the Chapter 13 Trustee's motion to dismiss.

    f. Sixth, the Debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 on October 27, 2000, case number 00-03105. On March 7, 2001, this case was dismissed prior to confirmation on the Chapter 13 Trustee's motion to dismiss.

5. These multiple filings and Debtor's disregard of the duties and obligations imposed upon him by the United States Bankruptcy Code, indicate that the current filing, at least, was made with bad faith, and is an abuse of the provisions of the Bankruptcy Code.

6. The Debtor has continuously abused the bankruptcy system.

7. The Debtor filed this case, and the prior four (4) bankruptcy cases, to stop the foreclosure of his home despite not making any mortgage payments for many years.

8. In most of his cases, the Debtor never filed the schedules and chapter 13 plan and never attended the 341 meetings.

9. Serial filings like this are burdensome to the Court, creditors, the Clerk of United States Bankruptcy Court for the Western District of Virginia, the trustees, and others.

10. 11 U.S.C. § 1307 provides a non-exhaustive list of factors that constitute cause for dismissal or conversion of a bankruptcy case, whichever is in the best interests of creditors and the estate, and the Fourth Circuit has historically recognized bad faith as cause for dismissal. *Cody v. Micale*, No. 7:19-cv-00433, at *7 (W.D. Va. Nov. 12, 2019); *In re Kestell*, 99 F.3d 146, 148 (4th Cir. 1996).

11. Although dismissal is generally without prejudice, courts within the Fourth Circuit have held that 11 U.S.C. § 349 authorizes dismissal with prejudice for cause, or if 11 U.S.C. § 109(g) applies to a particular case. *In re Mills*, No. 19-20399, at *5 (Bankr. S.D. W.Va. Dec. 13, 2019) (*citing Jolly v. Great Western Bank (In re Jolly)*, 143 B.R. 383, 387 (E.D. Va. 1992), *aff'd*, 45 F.3d 426 (4th Cir. 1994)). *See also In re Weaver*, 222 B.R. 521, 522 (Bankr. E.D. Va. 1998) (*citing Colonial Auto Center v. Tomlin (In re Tomlin),* 105 F.3d 933, 937 (4th Cir. 1997)).

12. 11 U.S.C. § 105(a) also empowers a bankruptcy court to act as necessary to prevent an abuse of the bankruptcy process. *Tidewater Finance Co. v. Williams*, 498 F.3d 249, 258 (4th Cir. Mar. 12, 2007); *In re Weaver*, 222 B.R. 521, 524 (Bankr. E.D. Va. 1998).

13. In determining whether a chapter 13 petition was filed in bad faith, the Fourth Circuit has historically looked to the totality of the circumstances, and considered, without limitation, "the nature of the debt; whether the debt would be nondischargeable in a chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors." *In re Uzaldin*, 418 B.R. 166 (Bankr. E.D. Va. Aug. 7, 2009) (*citing In re Love*, 957 F.2d 1350 (7th Cir. 1992)).

14. The repeated unsuccessful filings by Debtor collectively constitute bad faith such that dismissal with a 365-day bar to refiling is appropriate.

WHEREFORE, Angela M. Scolforo, Standing Chapter 13 Trustee, requests that this Court order the following relief: 1) That this case be dismissed; 2) That Debtor Ralph Leon Hayes be prohibited from filing any bankruptcy petition for a period of 365 days from the date of the Order dismissing this case; 3) That all future filings be contingent upon the payment of unpaid filing fees owed to the United States Bankruptcy Court; and 4) Such other and further relief as the Court may deem just

Dated this 27th day of December, 2023.

Respectfully submitted,
ANGELA M. SCOLFORO, TRUSTEE, by

/s/ Shannon T. Morgan
Shannon T. Morgan, Staff Attorney
Counsel for Angela M. Scolforo, Trustee
P.O. Box 2103, Charlottesville, VA 22902
(434) 817-9913 ext. 121
SMorgan@CvilleCh13.net