# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| IN RE:<br><br>RALPH LEON HAYES,<br><br>        Debtor.<br><br>GERARD R. VETTER,<br>ACTING UNITED STATES TRUSTEE<br>FOR REGION FOUR,<br><br>        Movant,<br><br>v.<br><br>RALPH LEON HAYES,<br><br>        Respondent. | Case No. 23-61366<br>Chapter 13 |

## NOTICE OF MOTION AND HEARING

  The United States Trustee has filed a Motion for Sanctions.

  PLEASE TAKE NOTICE that a hearing on the forgoing Motion will be held on January 25, 2024, at 9:30 a.m. The hearing shall be held via Zoom for Government using the following information: Meeting ID: 160 369 2643; URL: https://vawb-uscourts-gov.zoomgov.com/j/1603692643.

  **If you do not want the Court to grant the relief requested in the motion, then, pursuant to Local Rule 9013-1, you must file a response 7 days before the hearing date. Absent a timely filed response, a proposed order will be tendered to the Court granting the relief requested in the motion and the Court may treat the motion as conceded and enter the proposed order without the necessity of holding a hearing.**

  Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

Dated: 3 January 2024            Respectfully submitted,

Margaret K. Garber (VSB No. 34412)      GERARD R. VETTER,
Office of the United States Trustee        Acting United States Trustee for Region Four
210 First Street, Suite 505
Roanoke, VA 24011            By: */s/ Margaret K. Garber*
(540) 857-2806
margaret.k.garber@usdoj.gov

1

## MOTION FOR SANCTIONS

Comes now the United States Trustee for Region Four and moves this court pursuant to §§ 105, 109(g), 349 and 1307 of the Bankruptcy Code to dismiss this case and to sanction the debtor, and in support thereof, the United States Trustee states as follows:

1. This case was commenced by the filing of a voluntary petition pursuant to Chapter 13 of Title 11 on or about December 14, 2023 by Ralph Leon Hayes. On December 18, 2023, the Court entered an Order providing that Mr. Hayes was deficient on the filing of the required statements, schedules, and a chapter 13 plan. An Order granting debtor's motion to pay the filing fee in installments was entered on December 18, 2023. Mr. Hayes has still not filed the required documents or made the first installment payment, all of which were due December 28, 2023.

2. Prior to this bankruptcy filing, the debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 on August 30, 2023. The case was assigned Number 23-60941. On October 6, 2023, this case was dismissed as a result of the debtor's failure to comply with court Order dated September 21, 2023 to file all the required schedules and statements, a chapter 13 plan, and a certificate of credit counseling (Dkt 8). The debtor also failed to comply with the Order dated September 25, 2023, to pay the filing fee of $313.00 in full by October 5, 2023. Mr. Hayes filed a Notice of Appeal on October 11, 2023 (W.D. VA Case No. 6:23-cv-00064).[1] The appeal was dismissed on December 13, 2023.

3. Prior to this bankruptcy filing, the debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 on April 24, 2023. The case was assigned Number 23-60473. Mr. Hayes filed three appeals (W.D. VA Case Nos. 6:23-cv-00037, -00038, and -00049), all of which

---

[1] Mr. Hayes did not appeal the dismissal of his Chapter 13 petition. Instead, he sought to appeal docket entries 12, 13, and 14 (See Bankr. W.D. Va. Case No. 23-60941, Dkt 28).

became moot on September 21, 2023, when the case was dismissed on "Debtor's Motion to Cancel" filed August 30, 2023 (Dkt 143), which the bankruptcy court construed as a motion to dismiss under 11 U.S.C. § 1307(b). The appeals were dismissed on December 13, 2023.

    4. Prior to this bankruptcy filing, the debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 on July 13, 2022. The case was assigned Number 22-60684. The certificate of credit counseling Mr. Hayes filed with the court shows that he completed credit counseling on July 14, 2022, after he filed his petition and not during the 180-day period ending on the date of filing of the petition (Dkt 25). On September 2, 2022, Mr. Hayes filed a motion to waive credit counseling. On September 19, 2022 the court denied the motion and the case was dismissed (Dkt 62). On October 24, 2022, Mr. Hayes filed a Notice of Appeal (W.D. VA Case No. 6:22-cv-00063). The appeal was dismissed on March 16, 2023.

    5. Prior to this bankruptcy filing, the debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 on April 21, 2015. The case was assigned Number 15-60738. On June 26, 2015, the case was dismissed on the motion of the Chapter 13 Trustee.

    6. Prior to this bankruptcy filing, the debtor and his wife filed a voluntary petition pursuant to Chapter 13 of Title 11 on January 22, 2008. The case was assigned Number 08-60109. On October 3, 2008, the case was dismissed on the motion of the Chapter 13 trustee.

    7. These multiple filings and the debtor's disregard of the duties and obligations imposed upon her by the United States Bankruptcy Code, indicate that the current filing, at least, was made with bad faith, and is an abuse of the provisions of the Bankruptcy Code. "…[B]ankruptcy courts have traditionally drawn upon their powers of equity to prevent abuse of the bankruptcy process and to ensure that a "case be commenced in 'good faith' to reflect the intended policies of the Code." 2 L. King, *Collier on Bankruptcy* § 301.05[1], at 301–5 to 301–7 (1996). Such a good faith requirement:

prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefiting them in any way or to achieve reprehensible purposes. Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshalling and turnover of assets) available only to those debtors and creditors with "clean hands." *In re Kestell, 99 F. 3d 147, 147 (4th Cir. 1996) (citing In re Little Creek Development Co.,* 779 F.2d 1068, 1072 (5th Cir.1986)).

8. The debtor has continuously abused the bankruptcy system.

9. That said serial filings are in bad faith and are burdensome to the Court, creditors, the Clerk of U.S. Bankruptcy Court, the trustees and others.

WHEREFORE, the United States Trustee requests that this Court order the following relief:

1. That this case be dismissed.

2. That the debtor be prohibited from filing any bankruptcy petition for a period of 365 days from the date of the Order dismissing this case.

3. That all future filings be contingent upon the payment of unpaid filing fees owed to the United States Bankruptcy Court.

4. The United States Trustee requests such other relief as the Court may deem just.

Dated:  3 January 2024               Respectfully submitted,

Margaret K. Garber (VSB No. 34412)         GERARD R. VETTER,
Office of the United States Trustee        Acting United States Trustee for Region Four
210 First Street, Suite 505
Roanoke, VA 24011                           By: */s/ Margaret K. Garber*
(540) 857-2806
margaret.k.garber@usdoj.gov

Case 23-61366    Doc 27    Filed 01/03/24    Entered 01/03/24 08:53:21    Desc Main
                        Document        Page 5 of 5

CERTIFICATE OF SERVICE

      I hereby certify that on January 3, 2023, a true and correct copy of the foregoing was electronically filed with the United States Bankruptcy Court for the Western District of Virginia which caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case. On this same date, I caused copies to be mailed by First-Class Mail to the debtor and to all creditor listed on the matrix.

                                            */s/ Margaret K. Garber*
                                            Margaret K. Garber