

**SIGNED THIS 7th day of March, 2024**

**THIS MEMORANDUM OPINION HAS BEEN ENTERED ON THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.**

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

In re:
**RALPH LEON HAYES,**                                 **Chapter 13**
     Debtor.                                          **Case No. 23-61366**

### MEMORANDUM OPINION

On December 14, 2023, Ralph Leon Hayes filed a voluntary chapter 13 petition *pro se*. *See* ECF Doc. No. 1. It was the sixth time he filed a voluntary bankruptcy petition in this Court, and the fourth time in just the last eighteen months.[1]

In this case, as in his prior cases, Mr. Hayes sent to the Court email correspondence in which he retells his disagreements with Fay Servicing, LLC and U.S. Bank Trust, N.A. surrounding the note held by U.S. Bank secured by a deed of trust (collectively, the "mortgage")[2] on real property located at 1107 Ashburn Drive, Forest, Virginia, where Mr. Hayes resides. Other

---

[1] The following are voluntary bankruptcy petitions Ralph Hayes filed in this Court: 23-61366 (current pending case), 23-60941 (filed *pro se* on August 30, 2023; dismissed on October 6, 2023), 23-60473 (filed *pro se* on April 24, 2023; dismissed on September 21, 2023), 22-60684 (filed by counsel on July 13, 2022; dismissed on September 19, 2022), 15-60738 (filed by counsel on April 21, 2015; dismissed on June 26, 2015), 08-60109 (filed by counsel on January 22, 2008; dismissed on October 3, 2008).

[2] According to U.S. Bank Trust N.A.'s motion for *in rem* relief from the automatic stay, "[o]n or about December 8, 2005, [Mr. Hayes and his wife] executed an Adjustable Rate Note in the original principal amount of $324,000.00 ('Note') and a deed of trust ('Deed of Trust' and collectively with the Note, 'Mortgage') secured by real property located at 1107 Ashburn Drive, Forest, Virginia 24551 ('Property')." *See* ECF Doc. No. 8.

than complaining to the Court about his dissatisfaction with the servicer for the mortgage and the mortgage holder on his residence, Mr. Hayes has not filed his required schedules, statements, chapter 13 plan, and other required documents in this case. He has not paid the filing fee in full.[3]

Based on his failure to comply with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Court issued an order directing that this case be dismissed unless Mr. Hayes files his statements, schedules, and plan, and pays his filing fee installments. *See* ECF Doc. Nos. 12, 13. Around this time, two motions to dismiss this case with prohibitions were filed. *See* ECF Doc. Nos. 20, 27. The motions, one filed by Angela M. Scolforo, the chapter 13 trustee, and another by the United States Trustee,[4] request a dismissal order prohibiting Mr. Hayes from filing any bankruptcy petition for a period of 365 days plus ordering that all future filings be contingent upon the payment of unpaid filing fees to the Court.

Both the chapter 13 trustee and the U.S. Trustee noticed the motions for a hearing to be held on January 25, 2024. As he has in his prior cases, on the eve of the scheduled hearing, Mr. Hayes filed a letter with the Court noting he would be unable to appear and asking for a continuance. The Court accommodated his request, despite opposition from the chapter 13 trustee.[5]

---

[3]    When the case was filed, Mr. Hayes filed a motion to pay the filing fee in installments. *See* ECF Doc. No. 4. The Court granted his request, permitting him to pay the filing fee in three installments over time, with the final installment due on February 12, 2024. *See* ECF Doc. No. 13. Mr. Hayes paid one of the three installments, but he has failed to pay the two installments that are now past due. *See* ECF Doc. Nos. 28, 20.

[4]    The motion was filed by Margaret K. Garber, Assistant United States Trustee, on behalf of Gerard R. Vetter, United States Trustee for Region Four.

[5]    At the outset of the hearing on January 25, 2024, the Court addressed the debtor's motion for a continuance. The chapter 13 trustee voiced numerous convincing and valid reasons why the motion to continue should not be granted.

2

The Court issued an order granting Mr. Hayes's motion to continue the hearing. The order informed Mr. Hayes that cause to dismiss his case existed and so the continued hearing would be to determine whether to dismiss the case with prohibitions and conditions or to dismiss the case without any prohibitions or conditions. The order further provided:

> At the February 29, 2024 hearing, the Court will hear and determine the motions to dismiss. After hearing from the parties present, the Court will decide the pending motions based on the record in this case, including any written statements filed in advance of the hearing,[6] and after hearing the arguments made at the hearing. No requests for a further continuance of these matters shall be entertained by the Court. The Court will consider all items filed in this case, plus the record in Mr. Hayes's prior cases, and will decide the pending motions to dismiss on February 29, 2024, even if Mr. Hayes does not appear at the continued hearing.

ECF Doc. No. 55. On the morning of the continued hearing date, the Court received another letter from Mr. Hayes, in which he noted that he would be unable to appear at the continued hearing (at which parties were permitted to appear by telephone, video, or in person) and asked for another continuance "to a later date." *See* ECF Doc. No. 67. He stated "due to unforeseen circumstances[,] I am unable to appear in court on the scheduled date of February 29, 2024." *See id*. He also noted that he "submitted [his] written response for the hearing." *See id*.

The Court held the continued hearing on February 29, 2024. *See* ECF Doc. No. 68, 69. Angela M. Scolforo, the chapter 13 trustee, and Margaret K. Garber, Assistant United States Trustee, appeared in prosecution of their motions to dismiss. After hearing from the parties present, the Court took under advisement the motions to dismiss with prohibitions, the debtor's motion for a second continuance, and the other requests made in the filings submitted by the debtor prior to the February 29, 2024 hearing. *See* ECF Doc. Nos. 74, 76.

---

[6] The Court notes that, despite his refusal or inability to file the documents required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure to proceed as a debtor in this case, Mr. Hayes is clearly capable of filing detailed documents and other items with the Court, both via email and in person. *See, e.g.*, ECF Doc. Nos. 21, 36, 27, 28, 29, 40, 42, 45, 64, 65, 66.

3

After considering the record in this case, the record in the prior cases, the arguments made in the pleadings, the applicable Bankruptcy Code sections and Rules, and relevant caselaw, the Court now rules on the motions to dismiss this case with restrictions along with Mr. Hayes's various requests. The ruling is explained below.

*The motion for a second continuance*

On February 29, 2024, Mr. Hayes filed a letter. *See* ECF Doc. No. 67. In it, he states that he would be unable to attend the February 29, 2024 hearing. In his letter, he also requested a second continuance of the hearing to a date "preferably after March 1, 2024." The letter does not address any of the factual or legal issues before the Court. The letter only seeks a further delay.

Because Mr. Hayes filed a written response to the matters set for hearing, his failure to appear is inconsequential to the Court's ability to determine whether to dismiss this case with conditions. Furthermore, because Mr. Hayes never told the Court why he could not appear by video or telephone (even though on that same day he was able to submit documents to the Court electronically), the Court is unconvinced by the unsubstantiated grounds he alleged as a basis to continue the hearing. Finally, Mr. Hayes has not shown the Court how another continuance of the hearing to the unspecified "later date" is appropriate for this Court to determine whether to condition the dismissal order in this case. For these reasons, the Court denies his request to continue the matter.

*Mr. Hayes's request to proceed "in forma pauperis"*

On February 26, 2024, Mr. Hayes filed a document called "Debtor's Informal Brief, Argument and Relief to Proceed Forma Pauperis." *See* ECF Doc. No. 64. In this filing, Mr. Hayes asks "the Court to enjoin above cases into one case 23-1962 with additional time to pay filing fee in the amount of $210.00 or be allowed to proceed" *in forma pauperis*. After that, he recites his

4

grievances against the servicer and mortgage holder and what appears to be claims against them under nonbankruptcy law.

Because a waiver of the bankruptcy case filing fee under 28 U.S.C. § 1930(f) is only permitted in a chapter 7 case, and this case is a chapter 13 case, this Court has no authority to allow Mr. Hayes to waive the filing fee (or, as he calls it, to allow him to proceed *in forma pauperis*). Further, if he has insufficient regular income to pay the filing fee in installments, he cannot meet the qualifications of the Bankruptcy Code to be a debtor under chapter 13.[7] The Court denies his request to waive the filing fee.

*Mr. Hayes's request for extension based on his assertion he cannot file required statements and schedules until his mortgage has been "legally voided"*

On February 28, 2024, Mr. Hayes filed a document titled "Debtor's Hearing to Extend Automatic Stay, Extend Schedules and Response to Dismiss." *See* ECF Doc. No. 66. In this filing, Mr. Hayes notes that he "cannot complete schedules . . . until the alleged mortgage has been legally voided and request[s] an extension."

Because the Bankruptcy Code and Federal Rules of Bankruptcy Procedure require that debtors file the required schedules, statements, and chapter 13 plan, this Court has no authority to allow Mr. Hayes to remain in a chapter 13 case if he does not file these items. Furthermore, the Court has no authority to allow Mr. Hayes to remain in a chapter 13 case when he has not filed his required statements, schedules, and plan whether or not "his mortgage has been legally voided." Mr. Hayes, like all other debtors who file chapter 13, must comply with the filing requirements

---

[7] "Only an individual with regular income . . . may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e). "The term 'individual with regular income' means individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title . . . ." 11 U.S.C. § 101(30). Since an individual who does not have sufficient regular income from which to pay a filing fee apparently would not meet the eligibility criteria of section 109(e), perhaps that is why the United States Code does not permit an *in forma pauperis* filing of a chapter 13 case. *See* 28 U.S.C. § 1930(f).

5

and deadlines. The time periods for compliance are long gone. Mr. Hayes has not complied, and what is more, in this filing, he indicates he will not comply. The Court denies his motion for an extension of time.

*Mr. Hayes's request for an extension of the automatic stay*

In the pleading he submitted to the Court on February 28, 2024, Mr. Hayes requested an extension of the automatic stay. *See id.* In his request, he did not cite a basis under the Bankruptcy Code or Bankruptcy Rules.

Mr. Hayes filed his bankruptcy case at a time when no stay under section 362 went into effect. Mr. Hayes filed the petition initiating this case on December 14, 2023. Mr. Hayes had two cases pending within one year of that date (case numbers 23-60941 and 23-60473). Both cases that were pending in the previous year were dismissed in that year. Case number 23-60941 was dismissed on October 6, 2023. Case number 23-60473 was dismissed on September 21, 2023. Under Bankruptcy Code section 362(c)(4), "if a single . . . case is filed by . . . a debtor who is an individual under this title, and if 2 or more single . . . cases of the debtor were pending within the previous year but were dismissed, . . . the stay under subsection (a) shall not go into effect upon the filing of the later case." 11 U.S.C. § 362(c)(4). Given that two dismissed cases were pending in the year prior to the filing of this case, the automatic stay did not go into effect. Because the stay does not exist, there is no stay to extend. This Court is without authority to grant an extension for a nonexistent stay. Accordingly, the Court denies the motion to extend.

*Mr. Hayes's nonbankruptcy law claims against the mortgage holder and servicer*

On February 28, 2024, Mr. Hayes filed a document with this Court titled "Validation of Debt/Dispute Letter," which is a letter he sent to Fay Servicing, LLC and Cohn, Goldberg & Deutsch, LLC. *See* ECF Doc. No. 65. Mr. Hayes named the subject of his letter as a "Dispute

6

Letter as defined in Section 603 of the Fair Credit Reporting A[c]t, 15 U.S.C. 1681(a); Validity of Debt under Fair Debt Collection Practices Act 809." In the letter, he asserts what he believes to be errors contained in some of the documents in connection with one of his refinancing transactions on his mortgage. The letter is silent as to the outstanding issues pending before this Bankruptcy Court about this bankruptcy case.

In other documents, Mr. Hayes raises further allegations against the mortgage holder and servicer. In his response to the motion to dismiss filed on January 17, 2024, and in his "Debtor's Informal Brief, Argument and Relief to Proceed Forma Pauperis," filed on February 26, 2024, Mr. Hayes recounts his prior unsuccessful bankruptcy cases and his disagreements with the mortgage servicer (for not approving another refinance of his loan and later for exercising its remedies), with his lawyers, and with the Court's rulings. He then outlines what he claims as the servicer and mortgage holder's failures. Finally, he requests that this Court award various forms of relief including injunctive relief, punitive damages, and monetary damage awards against parties not in this case based on nonbankruptcy law grievances. Not a one of these demands fall within a bankruptcy court's statutory authority.

Mr. Hayes maintains his conviction that what he perceives as alleged errors render his mortgage fatally defective and therefore fraudulent. He repeatedly cites his complaints against the mortgage holder and servicer as his reason to disregard this Court's orders, defy Bankruptcy Rules, and ignore the statutory obligations required of all bankruptcy petitioners. Nevertheless, this Court has no authority to waive all Bankruptcy Rules and Code requirements for a petitioner, even one who believes there are errors in a financing transaction for which he is obligated, and even one who believes he is not obligated to the creditor. In the end, even if this Court could allow one petitioner to have the benefits and protections of this Court without complying with its

7

requirements, that still would not help Mr. Hayes. To the extent Mr. Hayes has claims based on nonbankruptcy law, this Court is not the appropriate forum to adjudicate such claims.

Having considered all items Mr. Hayes filed in the case, the Court turns to whether to dismiss this case with conditions.

*This case must be dismissed*

Mr. Hayes still has not cured the filing deficiencies in this case. Mr. Hayes's convictions that the servicer and the mortgage holder have erred do not excuse him from his duties as a debtor in this Court. What is more, he has filed letters and documents with the Court stating that he has no intention of complying with his duties until his beliefs as to his mortgage lender have been vindicated to his satisfaction. *See, e.g.*, ECF Doc. No. 66 (telling the Court he "cannot" complete his schedules "until the alleged mortgage has been legally voided"). Despite Mr. Hayes's disputes surrounding his mortgage, Mr. Hayes has filed a bankruptcy case, voluntarily, under chapter 13, and, like all other chapter 13 debtors, he must comply with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

*Failure to file required schedules and statements*

In this case, Mr. Hayes has failed to file all required schedules and statements necessary to proceed through the bankruptcy process. Although he was directed to cure these filing deficiencies by an order entered on December 18, 2023, he still has not filed the documents.[8]

---

[8] Currently, the Court's docket reflects that Mr. Hayes has <u>not</u> filed the following required documents for his chapter 13 case:
    1. Schedules of Assets and Liabilities, which include:
        a. Schedule A/B: Property (Official Form 106 A/B)
        b. Schedule C: The Property You Claim as Exempt (Official Form 106C)
        c. Schedule D: Creditors Who Have Claims Secured by Your Property (Official Form 106D)
        d. Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 106E/F)
        e. Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G)
        f. Schedule H: Your Codebtors (Official Form 106H)
        g. Schedule I: Your Income (Official Form 106I)
        h. Schedule J: Your Expenses (Official Form 106J)

Section 521 of the Bankruptcy Code addresses a "debtor's duties." More specifically, "[t]he debtor shall . . . file," among other items, "(i) a schedule of assets and liabilities; (ii) a schedule of current income and current expenditures; (iii) a statement of the debtor's financial affairs; . . . [and] a statement of the amount of monthly net income, itemized to show how the amount is calculated." 11 U.S.C. § 521(a)(1).

Federal Rule of Bankruptcy Procedure 1007(b)(1) and (6) supplements these Code provisions for chapter 13 debtors by further providing that:

> (1) Except in a chapter 9 municipality case, the debtor, unless the court orders otherwise, shall file the following schedules, statements, and other documents, prepared as prescribed by the appropriate Official Forms, if any:
>  (A) schedules of assets and liabilities;
>  (B) a schedule of current income and expenditures;
>  (C) a schedule of executory contracts and unexpired leases;
>  (D) a statement of financial affairs;
>  (E) copies of all payment advices or other evidence of payment, if any, received by the debtor from an employer within 60 days before the filing of the petition, with redaction of all but the last four digits of the debtor's social-security number or individual taxpayer-identification number; and
>  (F) a record of any interest that the debtor has in an account or program of the type specified in § 521(c) of the Code.
> . . .
> (6) A debtor in a chapter 13 case shall file a statement of current monthly income, prepared as prescribed by the appropriate Official Form, and, if the current monthly income exceeds the median family income for the applicable state and household size, a calculation of disposable income made in accordance with § 1325(b)(3), prepared as prescribed by the appropriate Official Form.

Fed. R. Bankr. P. 1007(b)(1). Federal Rule of Bankruptcy Procedure 1007(c) imposes time limits on filing these items. Specifically, "[i]n a voluntary case, the schedules, statements, and other documents required by subdivision (b)(1), (4), (5), and (6) shall be filed with the petition or within

---

  i. Summary and Certain Statistical Information (Official Form 106Sum)
  j. Declaration About an Individual Debtor's Schedules (Official Form 106Dec).
 2. Statement of Financial Affairs for Individuals Filing for Bankruptcy (Official Form 107).
 3. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Official Form 122C-1).
 4. Chapter 13 Plan.

14 days thereafter." Fed. R. Bankr. P. 1007(c).  On top of this, Bankruptcy Code section 521(i)(1) states that "if an individual debtor in a voluntary case under chapter . . . 13 [like Mr. Hayes] fails to file all of the information required under subsection 521(a)(1) within 45 days after the date of the filing of the petition [he did not], the case shall be automatically dismissed.[9]  11 U.S.C. § 521(i)(1).

Mr. Hayes has not filed the schedules and statements required in this case, much less within fourteen days of his petition date.  Nor has Mr. Hayes filed these items within forty-five days of filing his petition.  Indeed, it has been over eleven weeks since the filing of his petition, and Mr. Hayes has failed to comply with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.  Based on a review of the record in this case and the requirements imposed on all chapter 13 debtors, cause exists to dismiss his case for his failure to comply with the Bankruptcy Code and Rules.  *See* 11 U.S.C. §§ 521, 1307; Fed. R. Bankr. P. 1007.

*Failure to file a chapter 13 plan*

Like all chapter 13 debtors, Mr. Hayes must file a chapter 13 plan to proceed with his chapter 13 case.  The Bankruptcy Code requires that each chapter 13 debtor file a plan.  *See* 11 U.S.C. § 1321 ("The debtor shall file a plan.").  Federal Rule of Bankruptcy Procedure 3015 specifies that "[t]he debtor may file a chapter 13 plan with the petition.  If a plan is not filed with the petition, it shall be filed within fourteen days thereafter, and such time may not be further extended except for cause shown and on notice as the court may direct." Fed. R. Bankr. P. 3015(b). Much more than fourteen days have passed since filing the petition, and Mr. Hayes has yet to comply with the requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure for filing a chapter 13 plan.

---

[9]   The Court may grant only a limited extension of up to 45 days and only "if the court finds justification for extending the period for the filing." *See* 11 U.S.C. § 521(i)(3).

10

Failure to file a chapter 13 plan is grounds to dismiss a chapter 13 case. Section 1307 provides that the Court may dismiss a chapter 13 case for, among other reasons, "failure to file a plan timely." 11 U.S.C. § 1307(c)(3). "Timely" in this instance is fourteen days from the date of the petition, which would have been December 28, 2023. Because he has not filed his chapter 13 plan, the Bankruptcy Code and Rules require the Court to dismiss his case.

*Failure to pay case filing fee or fee installments*

When Mr. Hayes filed his voluntary chapter 13 petition in this Court, he did not pay the filing fee. As in prior cases, Mr. Hayes requested permission to pay his filing fee in installments. *See* ECF Doc. No. 4. The Court granted leave to pay the fee through installments. ECF Doc. No. 13.

The Court directed Mr. Hayes to pay the first installment by December 28, 2024, the second installment by January 15, 2024, and the third installment by February 12, 2024. As of March 3, 2024, Mr. Hayes has made one installment payment of $103.00 but has failed to pay his second and third installments. Chapter 13 bankruptcy cases require the payment of a case filing fee. 28 U.S.C. § 1930(a)(1)(B). Failure to pay the filing fee is grounds to dismiss a case. 11 U.S.C. § 1307(c)(2).

Mr. Hayes has not filed his required statements and schedules. Mr. Hayes has not filed a chapter 13 plan. Mr. Hayes has not paid his filing fee or the fee installments due at this time. Mr. Hayes has not complied with the Federal Rules of Bankruptcy Procedure. Mr. Hayes has not complied with the requirements of the Bankruptcy Code. Undoubtedly, the Court must dismiss this case for cause under section 1307(c).

*Motions to Dismiss with Conditions*

On December 27, 2023, the chapter 13 trustee filed her motion to dismiss this case with prejudice. *See* ECF Doc. No. 20. Specifically, the chapter 13 trustee seeks an order (i) dismissing the case with a 365-day bar on filing another bankruptcy petition and (ii) requiring that any future filing be contingent on the payment of unpaid filing fees owed to the Court. On January 3, 2024, the U.S. Trustee filed a motion for sanctions. *See* ECF Doc. No. 27. Like the chapter 13 trustee, the U.S. Trustee asks this Court to dismiss Mr. Hayes's case and impose a sanction prohibiting Mr. Hayes from filing any bankruptcy petition for a period of 365 days plus that any future filings be contingent upon the payment of unpaid filing fees to the Court.

Both motions recount the history of Mr. Hayes's bankruptcy filings. Both motions assert that Mr. Hayes has continuously abused the bankruptcy system by filing multiple chapter 13 bankruptcy cases that are patently defective and demonstratively futile. The chapter 13 trustee describes that Mr. Hayes has failed to file schedules or appear at the section 341 Meeting of Creditors[10] despite his duty under Rule 4003(a). *See* ECF Doc. No. 20, at 6. She notes that each case has been filed to stop the mortgage holder from exercising its remedies under the mortgage despite Mr. Hayes having not tendered payment on the mortgage in several years. *See id.* She enumerates the multiple times Mr. Hayes failed to comply with an order of this Court followed by his unsuccessful appeals of each of these orders. Likewise, the U.S. Trustee details the repeated failure to comply with this Court's orders along with the failure to comply with applicable Bankruptcy Code provisions and Rules. *See* ECF Doc. No. 27. Both motions argue that Mr. Hayes's serial incomplete filings are in bad faith and are burdensome to the Court, creditors, and trustees, among others. Based on these allegations, both motions seek dismissal with conditions

---

[10] *See* 11 U.S.C. §§ 341(a), 1302(b)(1), 707(a)(4).

and restrictions. Both motions were noticed for a hearing on January 25, 2024. At the hearing on January 25, 2024, the Court admitted to the record the U.S. Trustee's exhibits submitted in support of his[11] motion. *See* ECF Doc. Nos. 32, 47. The Court also addressed Mr. Hayes's motion to continue the hearing. The Court granted his request and subsequently entered the order described above continuing both motions to February 29, 2024.

At the continued hearing on February 29, 2024, the chapter 13 trustee noted additional facts and circumstances supporting her motion to dismiss with prohibitions. She noted that in at least the last four bankruptcy cases, Mr. Hayes has made no payments to the trustee, has not paid any of the filing fees in full, has not filed a plan let alone a plan that meets the requirements of Bankruptcy Code sections 1322 and 1325, has not provided the trustee with any of the required documents, has not cooperated with the trustee's requests, and has not appeared in prosecution of his cases. Also at the hearing, the Assistant U.S. Trustee joined the arguments of the chapter 13 trustee and pointed to the exhibits that had been admitted to the record showing the prior failed cases. She added as additional grounds that cause to dismiss with conditions was appropriate because Mr. Hayes was repeatedly attempting to use this Court to pursue actions for which this Court has no jurisdiction or authority.

*Mr. Hayes' responses to the motions to dismiss*

On January 17, 2024, Mr. Hayes filed responses to both motions. *See* ECF Doc. Nos. 36, 37. In his response to the chapter 13 trustee's motion to dismiss, Mr. Hayes does not address any of the grounds for dismissal asserted by the chapter 13 trustee, nor does he refute any of the factual allegations asserted by the chapter 13 trustee. *See* ECF Doc. No. 36. Instead, he simply reiterates his grievances with Fay Servicing, LLC and U.S. Bank Trust, N.A. In his response to the U.S.

---

[11] The motion was filed by Gerard R. Vetter, the United States Trustee for Region Four. *See* ECF Doc. No. 27.

13

Trustee's motion to dismiss, Mr. Hayes provides some information concerning his previous bankruptcy cases. Still, he does not address the grounds for dismissal or refute any of the U.S. Trustee's allegations. *See* ECF Doc. No. 37.

*Dismissal with conditions is appropriate*

The motions to dismiss pending before the Court ask that the case be dismissed with a 365-day bar on refiling and that any future filings be conditioned on the payment of outstanding filing fees. As noted above, both motions recount the history of Mr. Hayes's five previous bankruptcy cases, plus this one. Both motions assert that Mr. Hayes has continuously abused the bankruptcy system. Both motions argue that Mr. Hayes's serial filings are in bad faith and are burdensome to the Court, creditors, and the trustees, among others. Based on these allegations, both motions seek dismissal with prejudice and conditions.

As the U.S. Court of Appeals for the Fourth Circuit has noted, "the Bankruptcy Code provides a bankruptcy court with authority . . . to bar successive petitions under § 109(g)." *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933, 938 (4th Cir. 1997); *see also Cody v. Micale*, Civ. A. No. 7:19-cv-00433, 2019 WL 5967962, at * (W.D. Va. Nov. 13, 2019) (finding that "the bankruptcy court was well within its statutory power to prevent abuse of the bankruptcy system by sanctioning" a debtor through a dismissal with restrictions on refiling). "This Court has previously held that the *Tomlin* case 'suggests that Congress intended § 349(a) to grant the bankruptcy court broad discretion to deal with serial filers in situations not specifically covered by § 109(g), either by barring a discharge or limiting a debtor's right to file new petitions.'" *In re Fenderson*, Case No. 07-71222, slip op. at 9 (Bankr. W.D. Va. Oct. 25, 2007), ECF Doc. No. 35 (quoting *In re Goodman*, Case No. 03-01138, slip op. at 4-5 (Bankr. W.D. Va. July 25, 2003), ECF Doc. No. 39).

14

Based on a review of the record in this case and the record in his previous filings, the Court finds it appropriate to grant the request to bar subsequent filings for a period of 365 days. Mr. Hayes's history of serial filing in this Court reflects a blatant disregard for his obligations and duties under the Bankruptcy Code. He has consistently failed to file the required documents. He has failed to appear at the 341 meetings. He has not proposed a confirmable plan. What is more, he shows no genuine desire, intention, or even attempt to perform under chapter 13. He is filing bankruptcy cases to substitute for the appropriate forum to pursue his alleged grievances and claims against the mortgage company and servicer, but more importantly, to hinder the mortgage holder from exercising its rights to pursue its remedies.

In all the items Mr. Hayes has filed with the Court, he does not dispute any facts that are material to the motions to dismiss. Mr. Hayes does not attempt to show how any facts he has asserted in his responses would make a difference to the application of the law to the motions to dismiss. His filings fail to address any of his duties or obligations as a debtor. Instead, in item after item he sends to this Court, he reiterates his belief that some of the refinancing documentation related to his mortgage contained alleged errors and that his mortgage is "fraud."

This is a bankruptcy case pending before a bankruptcy judge. Mr. Hayes's desire to litigate nonbankruptcy matters in this forum does not bestow jurisdiction and authority to this Court to decide nonbankruptcy law issues, nor does it permit this Court to disregard bankruptcy law and procedure. Despite having issued rulings explaining to Mr. Hayes the limited jurisdiction of this Court, he continues to file new cases in this Court in which he demands this Court grant nonbankruptcy law remedies. Despite this Court having issued rulings itemizing for Mr. Hayes the specific forms he must file, payments he must make, and other duties and obligations he must fulfill, he has refused to comply. Despite this Court having issued extensions of time to Mr. Hayes

15

to comply with these requirements, he has still refused to comply. Enough is enough. The Court concludes that Mr. Hayes is knowingly and deliberately filing bankruptcy cases in this Court without any intention to comply with the mandatory requirements of the Bankruptcy Code. Mr. Hayes has repeatedly filed cases in this Court for which he is not eligible, in which he defies his duties, eschews this Court's orders, and shuts his eyes to the obvious limited jurisdiction of the bankruptcy court. Mr. Hayes's use of the bankruptcy system is abusive.

Although this Court will prohibit Mr. Hayes from filing a new petition in this Court for a period of 365 days, the Court declines to condition the filing of a new case upon the payment of all outstanding unpaid filing fees plus the case filing fee to initiate the case. The record in the prior cases and this case fails to show that the delays in paying the filing fee in full to the Court is tied to the harm to the creditors, the standing chapter 13 trustee, or the U.S. Trustee. The Court will address the payment of the filing fee in an appropriate order should Mr. Hayes file a new petition without payment, after the expiration of his ban, based on the chapter and the facts and circumstances at that time.

The Court will issue a separate order based on the conclusions in this opinion.

Copies of this Memorandum Opinion are directed to be sent to the debtor by email at raf.hayes@gmail.com and by first class mail to 1107 Ashburn Drive, Forest, Virginia, the chapter 13 trustee; and the Office of the United States Trustee.

16